

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV-13-644

| | |
|---|---|
| ALBERT LEE McHENRY and JOYCE C. McHENRY<br><br>APPELLANTS<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered** December 4, 2013<br><br>APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT<br>[NO. JV-11-62]<br><br>HONORABLE RALPH WILSON, JR., JUDGE<br><br>AFFIRMED |

## DAVID M. GLOVER, Judge

Appellants Albert and Joyce McHenry are the paternal grandparents of A.M. (born 7-26-04), C.M. (born 6-29-05), and B.M. (born 2-3-09). The children were removed from the custody of their parents, Calvin and Suzann McHenry, in 2009 and placed with the paternal grandparents. This appeal involves the subsequent termination of appellants' custodianship of their grandchildren. Their arguments are not preserved for appeal.

### The Process

On July 11, 2011, the Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect, alleging that DHS's removal of the children from appellants was necessary to protect the children's health, safety, and well-being from immediate danger. Specifically, DHS alleged extreme environmental neglect—roaches falling from the ceiling of appellants' house, trash scattered over the floors, the floors matted with



dirt, a strong smell of urine and feces throughout the house, and an inability to enter rooms due to items being strewn from wall to wall. An ex parte order granting DHS emergency custody was entered the same day, and a probable-cause order continuing custody of the children with DHS was filed on July 25, 2011. By order filed on September 29, 2011, the children were adjudicated dependent-neglected due to environmental neglect. Review orders were filed on February 22, 2012, and May 10, 2012, each finding that return of the children to appellants' custody was contrary to the children's best interests and each continuing custody with DHS. A permanency-planning hearing was held on June 13, 2012. By order filed November 16, 2012, the trial court found that it was in the children's best interest to remain in DHS custody and that the appropriate permanency plan for the children was to authorize a plan for adoption and to file a petition for termination of parental rights.

DHS filed a petition to terminate Calvin and Suzann's parental rights on July 17, 2012; the petition also included appellants as defendants for termination of parental rights in their capacity as legal custodians. A hearing on this petition was held on March 27, 2013. When DHS rested, appellants' attorney stated that he was not making a motion for a directed verdict because it was his understanding the termination statute only applied to the termination of parental rights and did not, in and of itself, create a cause of action to terminate grandparental rights. DHS's response was that it desired to dismiss appellants from the case because the children had been removed from appellants' home more than twelve months ago, the conditions that caused removal from appellants' home had not been remedied, and there was not any proof that conditions could improve if appellants were given more time. DHS

2



asserted that the trial court should find it was not in the children's best interest to be returned to appellants and that appellants should be dismissed from the case. The trial court questioned if DHS was trying to dismiss appellants' custodial rights, and DHS stated that it was, prompting the trial court to then request DHS to brief the issue of whether the court could dismiss appellants' custodial rights.

On April 15, 2013, DHS filed a motion to terminate appellants' custodianship and to dismiss them as parties to the case or, alternatively, to terminate reunification services to appellants. A hearing on this motion was held on April 29, 2013; when DHS rested, appellants' counsel moved for a directed verdict, arguing that there was not sufficient evidence to terminate appellants' custodianship, that it was not in the children's best interest to do so, and that there had not been a material change in circumstance proven. This motion was denied; when it was renewed at the close of appellants' case, it was again denied. The trial court then granted DHS's motion to terminate appellants' custodianship. An order to this effect was filed on May 15, 2013, and appellants filed their notice of appeal the same day.[1]

### *The Appeal*

On appeal, appellants abandon any sufficiency argument as to the trial court's best-interest or material-change findings. Instead, they argue that the trial court terminated a custodianship, but continued to interchange guardianship and custodianship when those two things are different creatures. They also argue that documentation was never presented to the

---

[1]Suzann's parental rights were also terminated at this hearing, but DHS withdrew its petition to terminate Calvin's parental rights. The trial court attached a Rule 54(b) certificate to the order due to the fact that the case is ongoing with respect to Calvin's parental rights.

SLIP OPINION

SLIP OPINION

court to prove appellants had legal custody or legal guardianship of the children. Neither of these arguments were made below; therefore, they are not preserved for appeal. *Bank of the Ozarks v. Jim Wood Co.*, 2010 Ark. App. 693, 379 S.W.3d 548.

Even if appellants' arguments had been preserved, they would still fail. They argue that when none of the parties to the case are clear as to the status of appellants, there is no accurate way to apply the law. Here, though the parties and their counsel used guardianship/custodianship interchangeably, the trial court did not. The order appealed from is styled "Order Terminating the Custodianship of Albert and Joyce McHenry," and within that order, the trial court found that because appellants are not the parents, they had no parental rights to be terminated, and "their status in this matter is that of legal custodians of the juveniles." The trial court further found by clear and convincing evidence that the children's removal from appellants' home and the children's adjudication as dependent-neglected "constitute[d] a material change in circumstances, and that it [was] not in the best interests of the children that Albert and Joyce McHenry continue as custodians." The trial court further found that reunification services, including visitation, were not in the children's best interest and should be terminated; it also found appellants' testimony not credible. The trial court never treated appellants' status as that of guardianship—it clearly was always considered to be a custodianship.

Affirmed.

HIXSON and WOOD, JJ., agree.

*Janet Lawrence*, for appellants.

*Tabitha Baertels McNulty*, Office of Policy and Legal Servs., and *Chrestman Group, PLLC*, by: *Keith Chrestman*, for appellees.